| | AUSA: April N. Russo | Telephone: (313) 226-9100 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Amy M. Hirina | Telephone: (248) 879-6090 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Jeremy David McCallum

Case: 2:20-mj-30048
Judge: Unassigned,
Filed: 02-03-2020 At 02:56 PM
USA v. JEREMY DAVID MCCALLUM (CMP)(MLW)

FILED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 2000 through February 1, 2020__ in the county of __Oakland and elsewhere__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2251(a) | Production of child pornography |
| 18 USC § 2252A(a)(5)(B) | Possession of child pornography |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Amy M. Hirina, Special Agent (FBI)
_Printed name and title_

Sworn to before me and signed in my presence.

Date: February 3, 2020

_Judge's signature_

City and state: Detroit, Michigan

Hon. Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

## I. INTRODUCTION

I, Amy Hirina, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2005, and am currently assigned to the Detroit Field Office/Oakland County Resident Agency. While employed by the FBI, I have investigated federal criminal violations related to child exploitation and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request an arrest warrant.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **Jeremy McCallum** (date of birth 04/XX/1976) for violations of 18 U.S.C. §§ 2251(a) (producing child pornography) and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

1

3. The statements contained in this affidavit are based in part on: written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation and analysis by law enforcement officers/analysts and computer forensic professionals; and my experience, training and background as a Special Agent (SA) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause that **McCallum** has violated Title 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B).

## Background of Investigation

4. On February 1, 2020, MSP executed a search warrant at **McCallum's** residence, a trailer located at 4XXX Grange Hall Road in Holly, Michigan. **McCallum** was the only person present during the execution of the search warrant. MSP recovered a number of items, to include:

- Numerous pairs of children's underwear;
- Over seven baby dolls, some of which had an artificial vagina attached or a sex toy placed on their private area;
- Two devil face masks, two white masks, and one skeleton face mask;

2

- A number of soiled diapers;
- Photographs of child pornography;
- Numerous electronic devices;
- Multiple VHS tapes depicting **McCallum** engaged in sex with prepubescent children;
- A hand drawing of naked pictures of children;
- Magazine cutouts of children in bathing suits;
- Over 50 dildos; and
- A rubber baby buttocks sex aide insert.

5. **McCallum** stated that there would be items recovered from his residence that would send him to prison. He said he had been residing in the trailer since 2000, but that he had not always resided in it at 4XXX Grange Hall Road.

6. During the search warrant, MSP observed an unlabeled Sony DVD inside a DVD player in **McCallum's** trailer. The videos on it have a creation date on August 7, 2006. One video depicted an adult male touching a naked infant's vagina, opening up the vagina, and rubbing his penis on the infant's vagina. The infant appears to be MV-2 (discussed below). A second video on this same DVD depicts the adult male wiping the same infant's vagina and anus back and forth with a baby wipe, spreading

3

her vagina with his hands, and performing oral sex on the infant. While he is performing oral sex, the adult male looks up at the camera and is identifiable as **McCallum**. These videos meets the federal definition of child pornography. A third video depicts MV-1 (discussed below) lying down. Her nightgown is pulled up past her waist so that her legs are bare except for her underwear. The camera is zoomed in at parts of the video on her crotch area between her legs. Your affiant knows that Sony does not manufacture devices in the state of Michigan.

7. MSP also found numerous photographs that met the federal definition of child pornography. On February 2, 2020, MV-1 (DOB in 1996) was interviewed. MV-1 stated that **McCallum** sexually assaulted her on a near daily basis from the time she was five-years old (in or around 2001) to the time she was eight years old (in or around 2004). He threatened to kill her family member (pointing a gun at her) if MV-1 ever told anyone. According to MV-1, **McCallum** performed oral sex on her, forced her to perform oral sex on him, and rubbed his penis on her vagina. When she was 11 (in or around 2007), **McCallum** raped her anally after she told her mom that he had purchased something he did not want her mom to know about. He told her that this was the only way he would forgive her.

8. **McCallum** would record her in certain outfits. MV-1 stated he would buy leotards from the Salvation Army and cut the genital area out of them and make

her wear them. He would get mad if she did not pay attention during the recordings. MV-1 said that she cannot remember how many recordings there were because there were so many. MV-1 identified herself in several photographs that were recovered from the trailer and said that **McCallum** took those photos. In one photograph, MV-1 is completely nude with her legs spread open and her hands held under her chin. MV-1 said that this picture was taken when she was in kindergarten or first grade. In the second photo, MV-1 is not wearing pants or underwear. She is lying on her back with her legs spread and her hand touching her bare vagina. These photographs meet the federal definition of child pornography. Your affiant estimates that MV-1 is approximately six or seven years old in the first above-described photograph and approximately eight years old in the second above-described photograph. MV-1 also stated that he forced her sister, MV-2 (DOB in 2000), to perform oral sex on him as well. MV-1 said that all of the recordings and photographs were recorded/taken by **McCallum** in his trailer which was located in Genesee County at the time of the abuse.

9. Based on the foregoing, there is probable cause to believe **Jeremy McCallum** has produced child pornography, in violation of 18 U.S.C. §§ 2251(a) and possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Respectfully submitted,

*[signature]*

Special Agent Amy Hirina
Federal Bureau of Investigation

Sworn to and subscribed before me
this 3rd of February, 2020

*[signature]*

Hon. Anthony P. Patti
United States Magistrate Judge