UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,

v.

JEREMY MCCALLUM,

                   Defendant.

_____/

CASE NO. 21-cr-20088

HON. F. KAY BEHM

**STIPULATION FOR CUSTODIAL PSYCHIATRIC OR
PSYCHOLOGICAL EXAMINATION OF DEFENDANT**

The parties, by their respective counsel, stipulate that the Court should enter

an order for a custodial psychiatric or psychological examination of the defendant,

as described in the Court's order, following the defendant's notice of his intention

to pursue an insanity defense. The parties specifically agree that the order contain

the following provisions:

     (1) that a psychiatrist or psychologist employed by the United States be
appointed, authorized, and directed to examine the defendant, see id. §§ 4242,
4247(b);

     (2) that defendant be committed to the custody of the Attorney General for
such psychiatric or psychological examination at a suitable facility for a period not
to exceed 45 days, see id. § 4247(b). The government may apply for a reasonable
extension not to exceed thirty days, *see id.*;

(3) that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant was insane at the time of the offense charged, *see* 18 U.S.C. § 4247(c);

(4) that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the Assistant United States Attorney, *see id.* § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, insanity defense, or any other purpose relating to the defendant or this case;

(5) that the examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(6) that the period beginning with the government's motion, that is September 25, 2023, and ending with the conclusion of a status conference regarding defendant's insanity defense, see id. § 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(D) and (h)(1)(F).

IT IS SO STIPULATED.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Christopher W. Rawsthorne
CHRISTOPHER W. RAWSTHORNE
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: 313-226-9160
Christopher.Rawsthorne@usdoj.gov

Dated: September 27, 2023

s/Haralambos D. Mihas
HARALAMBOS D. MIHAS
Attorney for Defendant
467 Eureka Rd Ste 1
Wyandotte, MI 48192-5841
Phone: (734) 692-3033
hdmihas@smithmihas.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JEREMY MCCALLUM,

                Defendant.

_____/

CASE NO. 21-cr-20088

HON. F. KAY BEHM

## ORDER FOR CUSTODIAL PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT

On February 4, 2020, the defendant was arrested on a complaint for child exploitation offenses. On February 8, 2021, a two-count information was filed, with later superseding indictments filed on May 4, 2022 and August 1, 2023. On September 21, 2023 the defendant filed a notice of insanity defense pursuant to Federal Rule of Criminal Procedure 12.2.

On September 25, 2023, the government moved pursuant to Rule 12.2(c) and 18 U.S.C. § 4242 for a psychiatric or psychological examination of the defendant.

Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ORDERED:

(1) that a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the defendant, see id. §§ 4242, 4247(b);

(2) that defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination at a suitable facility for a period not to exceed 45 days, *see id.* § 4247(b). The government may apply for a reasonable extension not to exceed thirty days, *see id.*;

(3) that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant was insane at the time of the offense charged, *see* 18 U.S.C. § 4247(c);

(4) that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the Assistant United States Attorney, see id. § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, insanity defense, or any other purpose relating to the defendant or this case;

(5) that the examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(6) that the period beginning with the government's motion, that is September 25, 2023, and ending with the conclusion of a status conference regarding defendant's insanity defense, see id. § 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(D) and (h)(1)(F).

The Bureau of Prisons is further ORDERED to inform the Assistant United States Attorney once the defendant has been designated to a suitable facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport the defendant to that facility.

IT IS SO ORDERED.

Dated:  September 27, 2023                    s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge