UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  Case No. 21-20088

    Plaintiff,  F. Kay Behm
v.  United States District Judge

JEREMY MCCALLUM,

    Defendant.
_____ /

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO IMMEDIATELY MOVE HIM TO THE GENESEE COUNTY JAIL (ECF No. 106)**

I.    INTRODUCTION AND FACTUAL BACKGROUND

    This case is before the court on Defendant Jeremy McCallum's emergency motion to immediately move him to the Genesee County Jail's Medical Unit. (ECF No. 106). Defendant is currently charged in a Second Superseding Indictment with ten counts of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a), (d), and (e) (Counts I-X), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count XI). (ECF No. 77). Defendant has been housed at several facilities during his pretrial detention

1

period,[1] and is currently being held at the Isabella County Jail. (ECF No. 106, PageID.382). He alleges that he is being "repeatedly beaten, abused, and stolen from by other inmates," "the staff at the Isabella County Jail are ignoring his reports of abuse and/or misrepresenting those requests to the United States Marshal's Service," and he is being denied consistent access to his counsel. *Id.*, PageID.383. As a result, he requests the court immediately move him to the Genesee County Jail, where he can be housed in the dedicated medical unit. *Id.*, PageID.384. The Government filed a response to Defendant's motion on April 4, 2024, and Defendant filed a reply on April 11, 2024. For the reasons stated below, the court **DENIES** Defendant's motion.

## II. ANALYSIS

The concerns addressed in Defendant's motion can be condensed into two key arguments: (1) he is facing abuse from other inmates and an indifference to his mental health concerns from staff at the Isabella County Jail; and (2) he is being denied his Sixth Amendment right to counsel because of the jail's restrictive visitation policies. First, Defendant argues that, because of the nature of his

---

[1] The Government alleges that Defendant has been held at the following facilities: "Sanilac County Jail, Saginaw County Jail, Midland County Jail, Milan Detention Facility, Genesee County Jail, [and] Clare County Jail." (ECF No. 108, PageID.392). The Government further alleges that "[m]any of these facilities will no longer house McCallum because of situations that McCallum created to cause danger." *Id.*

charges and the fact that this matter has "garnered a great amount of attention in Flint and the surrounding areas," he has been regularly targeted by other inmates in his "eight-person cell." (ECF No. 106, PageID.382-83) ("As is typical of defendants facing these types of charges, Mr. McCallum has been subjected to repeated instances of physical and sexual abuse."). He argues that "[u]nder the Fourteenth Amendment of the United States Constitution, [he] has an inalienable right to safe and secure housing that can also attend to his medical and mental health needs." *Id.*, PageID.383 (citing *Helphenstine v. Lewis County*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015))).

Courts have generally held that "[p]retrial detainees suffering from illness or injury are constitutionally entitled to receive needed medical treatment and may not be subjected to any form of punishment, since they have not yet been adjudicated guilty of a crime." *United States v. Wallen*, 177 F. Supp. 2d 455, 458 (D. Md. 2001) (citing *Gray v. Farley*, 13 F.3d 142, 146 (4th Cir. 1993); *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244-45 (1983)). However, courts have generally declined to address these concerns through a simple motion in a criminal case, instead requiring an incarcerated individual to directly challenge their conditions of confinement through a civil action consistent with the Prisoner Litigation Reform Act (PLRA). *See United States v. Andrews*, No. 1:12-CR-100,

3

2014 WL 139683, at *4 (N.D. W. Va. Apr. 8, 2014). Cases brought under the PLRA require a defendant to follow a specific process, including that the defendant first exhaust all of their available administrative remedies. *Horacek v. Carter*, 594 F. Supp. 3d 900, 906 (E.D. Mich. 2022) (citing 42 U.S.C. § 1997e(a)) (Under the PLRA, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law…until such administrative remedies as are available are exhausted."). At this time, Defendant has not brought a civil cause of action based on his conditions of confinement and does not claim that he has exhausted any of his administrative remedies.

A limited number of courts have addressed a defendant's concerns about their pretrial detention through a criminal motion, holding that they "ha[ve] the inherent authority to enter orders necessary to protect persons detained by its authority…" *See Wallen*, 177 F. Supp. 2d at 459. In *Wallen*, the defendant required regular medications to address his "high blood pressure, depression, and the aftereffects of removal of a brain tumor," but alleged jail staff refused to deliver these medications at the prescribed times and occasionally failed to deliver them at all. *Id.* The court ordered the U.S. Marshal to detain the defendant in an "infirmary or hospital," rather than at the relevant correctional facility. *Id.* at 459. Here, outside of general "mental illness," Defendant does not

4

claim he is currently suffering from any specific medical conditions, and he does not bring any allegations, let alone facts, suggesting that the staff at the Isabella County jail have denied him medical care rising to the level of a constitutional violation.  While Defendant alleges that he has been "repeatedly beaten, abused, and stolen from by other inmates," and the jail staff are "ignoring his reports of abuse and/or misrepresenting those requests to the United States Marshal's Service," he also fails to detail any specific instances of harm or plausibly allege that the jail staff are deliberately ignoring his concerns.  (ECF No. 106, PageID.382-83).  As such, the court declines to intervene at this time.  *See United States v. Custis*, No. 22-20057-01-DDC, 2023 WL 2587286, at *3 (D. Kan. Mar. 21, 2023) ("Mr. Custis doesn't assert that USP Leavenworth has or is about to deprive him of a constitutionally protected interest. Instead, he comes to the court with the allegation that USP Leavenworth hasn't provided him the version of protection he prefers – detention in a location where he can enjoy full 'access to family phone calls, time outside of his cell, personal hygiene, and his discovery.' [] The constitution does not promise detainees this level of deference.").

     Defendant also argues the circumstances of his pretrial detention have infringed on his Sixth Amendment right to counsel.  The Sixth Amendment protects the right of the accused, "[i]n all criminal prosecutions…to have the

Assistance of Counsel for his defense." U.S. Cons. Amend. VI.  Unreasonable interference with a defendant's ability to consult with their counsel is itself an impairment of this right.  *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (citing *Maine v. Moulton*, 474 U.S. 159, 170 (1985) ("to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself.")).  However, certain reasonable restrictions on this right "may be justified by the constraints of institutional management" without running afoul of the constitutional requirements.  *Id.*

Here, Defendant argues he is deprived of access to his counsel because of "distance and [] the restrictions on in person, private, face-to-face visitation in place at the Isabella County Jail."  (ECF No. 109, PageID.398).  Specifically, he alleges "the Isabella jail has very restrictive policies concerning attorney visits in comparison with other holding facilities in the Eastern District of Michigan" including that:

> (1) Other facilities allow for attorneys to appear during appropriate hours throughout the week without previously scheduling it. Isabella requires an appointment that can only occur on weekdays.
>
> (2) Other facilities have private accommodations to ensure attorney/client privilege within the jail facility. Isabela requires meetings to be held in a conference room or office in the Sheriff's complex, with no

> assurance of privacy to that the attorney client privilege is being protected.
>
> (3) If a room is not available for an attorney to meet with a client at the Isabella Jail, the only other in person option is to meet with a glass divider and to speak on a monitored phone with the attorney located in the lobby of the facility.

*Id.*, PageID.398-99.  Defendant alleges his counsel was able to meet with him recently, and "they were placed in an office in the Sheriff's department" with the door closed.  *Id.*, PageID.399.  However, there were four sheriff's deputies within listening distance of their meeting and Defendant remained handcuffed "leaving him unable to bring his documentation and notes." *Id.*  These allegations do not support a finding that Defendant has been denied his Sixth Amendment right.  Defendant concedes that he has been able to meet with his counsel, albeit with several reasonable restrictions.  Defendant does not cite any decisions from this or other courts suggesting that a defendant's Sixth Amendment right includes the right to meet with their attorney in a private room fully outside of the earshot of other individuals or prohibits a defendant from being handcuffed during these meetings.  At this stage, the court must only ensure that the alleged visitation restrictions are not so severe that they are depriving Defendant of his Sixth Amendment right to counsel.  *See Mashburn v. Henderson Cnty.*, No. 4:22CV-

7

00007-JHM, 2023 WL 2616944, at *5 (W.D. Ky. Mar. 23, 2023) (denying defendant's Sixth Amendment claim even where he was required to meet with his attorney through a "GTL tablet," which was located in an area where "other inmates, jail staff, and law enforcement" could hear their conversation.); *Uraz v. Ingham Cnty. Jail*, No. 1:19-CV-550, 2019 WL 4292394, at *9 (W.D. Mich. Sept. 11, 2019) (noting that "[c]ourts that have considered the issue regularly have concluded that phone limitations that restrict an inmate's right to call counsel do not result in a Sixth Amendment violation unless the inmate has no other reasonable means to contact the attorney and prejudice resulted."). Considering all the information included in Defendant's motion, his allegations do not presently rise to the level that would suggest he must be moved to a different facility in order to preserve his Sixth Amendment rights. If Defendant seeks to further challenge the reasonableness of the Isabella County Jail's restrictions on attorney visits, he must bring a separate constitutional challenge.

### III. CONCLUSION

The court recognizes the troubling nature of Defendant's claims of abuse while in pretrial detention, however, he has not raised them in a way that would be actionable with this type of motion at this stage in the proceedings. *See Bell v. Wolfish*, 441 U.S. 520 547-48 ("The problems that arise in the day-to-day

operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Defendant claims that his charges have "garnered a great amount of attention in Flint and the surrounding areas," contributing to the increased likelihood of his abuse while in custody. (ECF No. 106, PageID.383). However, this seems to further contradict his request to be moved to the Genesee County Jail, which is located directly in downtown Flint. Additionally, even if this court were to order Defendant to be moved to the Genesee County Jail, it is unclear whether he could specifically be housed in the jail's medical unit, per his request. The Government notes that Deputy Marshal Hughes stated, "the Medical Unit is for short term illnesses or short term stays for an inmate and is not considered a permanent housing solution at the Genesee County Jail," and "the jail would refuse to house him there on a permanent basis." (ECF No. 108, PageID.394).

For these reasons, Defendant's motion is **DENIED.** The court will continue to defer to the U.S. Marshals Service to determine where Defendant will be housed until his trial, which begins on July 9, 2024. (ECF No. 103); *see also Custis*,

2023 WL 2587286, at *2 ("Under normal circumstances it is for the Marshal to determine the *place* of detention").

**SO ORDERED**.

Date: April 16, 2024                                          s/ F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge