UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-20088 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| JEREMY MCCALLUM | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____ / | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE SENTENCING MOTIONS AND MEMORANDA UNDER SEAL (ECF No. 118)**

This case is before the court on Defendant's motion to file sentencing motions and sentencing memoranda under seal. (ECF No. 118). Defendant argues "the motions and memorandum will contain sensitive case information, as well as HIPPA [sic] protected information and reports about Mr. McCallum's mental and emotional health" and, therefore, should be sealed. *Id.*, PageID.466.

The Sixth Circuit has long recognized a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The proponent of sealing has the burden to overcome this presumption, which "is a heavy one…[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville*

1

*News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). Further, "even where a party can show a compelling reason why certain documents or portions thereof shall be sealed" they must also address whether the proposed sealing is "narrowly tailored to serve that reason." *Shane Grp., Inc.*, 825 F.3d at 305.

When considering a motion to seal, the court has a responsibility to "evaluate [the] motion to seal in light of the weighty public interests in judicial transparency and open access to court records." *United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1975319, at *1 (S.D. Ohio May 18, 2021) (citing *Shane Grp.*, 825 F.3d at 305). The court also has a duty to explicitly analyze and address the arguments made in support of nondisclosure, the public's interest in accessing the documents, and the scope of the proposed redactions or sealing. *See Shane Grp.*, 825 F.3d at 306 ("And a court's failure to set forth those reasons – as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary – is itself grounds to vacate an order to seal.").

Here, Defendant argues only that the relevant "motions and memorandum will contain sensitive case information, as well as HIPPA [sic] protected information and reports about Mr. McCallum's mental and emotional health." (ECF No. 118, PageID.466). Courts in this District have previously found that criminal defendants have a strong privacy interest in the non-disclosure of their medical information protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See United States v. Salyer*, No. 22-20143, 2023 WL 3261579, at *1 (E.D. Mich. May 4, 2023) (citing 42 C.F.R. § 164.502(a), (b)) ("The defendant has demonstrated that she has a privacy interest in the non-disclosure of her medical information."). As such, Defendant's request is **GRANTED** as to this information only, and he may file any documents under seal that contain specific, HIPAA-protected health information. However, because Defendant fails to provide any additional, specific reasons to seal the entirety of any forthcoming "sentencing motions," this request is **DENIED**. If Defendant wishes to file a sealed motion relating to Defendant's sentencing, he must file another motion to seal which "analyze[s] in detail, document by document, the propriety of secrecy, providing reasons and legal citations," so the court may sufficiently weigh Defendant's interests against the strong public interest in "judicial transparency and open access to court records." *Campbell*, 2021 WL

1975319, at *1.[1] Any further motions to seal may themselves be filed under seal if they reference the relevant sensitive information.

**SO ORDERED**.

Date: July 8, 2024                                  s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge

---

[1] The court notes that other courts in this district have previously been hesitant to seal sentencing motions where the "information [a d]efendant seeks to seal forms the primary basis for the relief he seeks." *See United States v. Kischnick*, No. CR 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (defendant's motion to be transferred from residential reentry center to home confinement based on COVID-19 could not be sealed, because "defendant has put his medical conditions and mental health treatment directly at issue in his motion.").